UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOPOLDO PINEDO SOLIS, A- 222-597-687,<br>Petitioner,<br>v.<br>WARDEN OF CALIFORNIA CITY (ICE),<br>Respondent | No. 1:26-cv-07688-TLN-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 3.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's order dated September 23, 2026. (ECF No. 5.) The petition and respondent's response are before the court. (ECF Nos. 1, 6.) No further briefing is necessary.

Petitioner proceeds without counsel and previously requested appointment of counsel. (ECF No. 3.) In light of these findings and recommendations, the interests of justice do not require appointment of counsel at this time. For the reasons set forth below, the undersigned recommends the court grant the petition and order respondent to provide petitioner a bond hearing before an immigration judge.

////

## I. Background

Petitioner is a native of Mexico who entered the United States on or about August 19, 2018, on a visa that expired on or about July 10, 2019. (ECF No. 9-1 at 1; ECF No. 9-4 at 1.)[1] He has been living and working in the United States and has strong family and community ties. (See ECF No. 1 at 5-6.) On August 26, 2026, petitioner was detained by ICE officers who were looking for another person. (ECF No. 9-1 at 2.) On August 27, 2026, a Deportation Officer signed a warrant for petitioner's arrest and petitioner was served with a Notice to Appear charging him as removable. (ECF No. 9-2, 9-4.) Petitioner has been held in custody while removal proceedings are ongoing and missed the birth of his daughter. (ECF No. 1 at 5-6.)

Petitioner seeks release from custody, or, alternately, a prompt individualized hearing regarding his continued detention. (ECF No. 1 at 16-17.) Respondent asserts petitioner has a criminal history but does not argue petitioner presents a risk of danger or flight. (ECF No. 9 at 1.) Respondent states petitioner is eligible for a bond hearing under 8 U.S.C. § 1226(a) and does not oppose the court ordering one be set. (Id.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. Discussion

Petitioner was present in the interior of the United States when he was detained by ICE. The applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). Under 8 U.S.C. § 1226(a), the government has discretion whether to release or

---

[1] Petitioner alleges he entered the United States in 2019 on a visa that expired in 2022. (ECF No. 1 at 5.)

detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

The record reflects petitioner received a Notice of Custody Determination from the Department of Homeland Security (DHS) on September 28, 2026, more than a month after he was detained, indicating DHS had decided to detain him while removal proceedings are ongoing. (ECF No. 9-3 at 1.) The present record does not make clear the status of petitioner's request for review of his custody status by an immigration judge. Respondent violated 8 U.S.C. § 1226(a) by not providing petitioner an opportunity for individualized review by an immigration judge of his custody status until more than a month after he was detained. Habeas relief is warranted. Considering § 1226(a)'s discretionary detention framework, and the absence of evidence of any prior release on bond pursuant to § 1226(a), an order directing respondents to provide a bond hearing is the recommended remedy rather than outright release from custody. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Petitioner's motion for appointment of counsel (ECF No. 3) be denied as moot.
3. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
4. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 soli7688.mer